**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| JAMES RAY, | |
| | |
| Plaintiff, | **Civil Action No:**_____ |
| | |
| v. | |
| | **COMPLAINT** |
| EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, and WAKEFIELD AND ASSOCIATES, INC., | |
| | **DEMAND FOR JURY TRIAL** |
| Defendants, | |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES**,** Plaintiff JAMES RAY ("Plaintiff") by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and files this *Complaint* against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), Defendant TRANS UNION, LLC. ("Transunion"), and Defendant WAKEFIELD AND ASSOCIATES, INC. ("Wakefield") collectively referred to as "Defendants", and alleges, upon information and belief, the following:

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorneys' fees pursuant to 15 USC § 1681 *et seq.* the Fair Credit Reporting Act (the "FCRA") and15 U.S.C. § 1692 the Fair Debt Collection Practices Act ("FDCPA") *et seq.*

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 1334, 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate Court of competent jurisdiction.

3.      Venue in this District is proper under 28 U.S.C. § 1391b(1), 28 U.S.C. § 1391b(2), and 28

U.S.C. § 1391b(3) because a substantial part of the events or omissions giving rise to this claim occurred here.

4.      Joinder in this District is proper as to all Defendants Under Rule 20(a) of the Federal Rules of Civil Procedure as (1) the claims against the Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all Defendants.

**PARTIES AND SERVICE**

**Plaintiff James Ray**

5.      Plaintiff is a resident of Johnson County, Texas.

6.      At all times material hereto, Plaintiff is a "Consumer", as defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

**Defendant Experian Information Solutions, Inc.**

7.      Defendant Experian is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian may be served with process upon CORPORATION SERVICE COMPANY, its registered agent for service of process, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

8.      At all times material hereto, Defendant Experian is a consumer reporting agency who regularly engages in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing Consumer Reports, as said term is defined under 15 U.S.C. § 1681a(d), to third parties.

9.      At all times material hereto, Defendant Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

**Defendant Trans Union, LLC.**

10.     Defendant Transunion is a "Consumer Reporting Agency" as defined by 15 U.S.C. §

1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion may be served with process upon CORPORATION SERVICE COMPANY, its registered agent for service of process, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

11.     At all times material hereto, Defendant Transunion is a consumer reporting agency who regularly engages in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing Consumer Reports, as said term is defined under 15 U.S.C. § 1681a(d), to third parties.

12.     At all times material hereto, Defendant Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

**Defendant Wakefield and Associates, Inc.**

13.     Defendant is a "Person" as defined by 15 U.S.C. § 1681a(b).

14.     Defendant Wakefield is a "Debt collector" as defined by 15 U.S.C. § 1692a(6) and conducts substantial and regular business activities in this judicial district. Defendant Wakefield may be served with process upon USA-REGISTERED AGENT, its registered agent for service of process, at 10601 Clarence Drive, Suite 250, Frisco, Texas, 75033.

15.     At all times material hereto, Defendant Wakefield is a debt collector regularly engaged in the business of the collection of debts and the attempted collection of debts directly or indirectly owed to "creditor", as said term is defined under 15 U.S.C. § 1692a(4)

**FACTUAL ALLEGATIONS**

**Defendant Wakefield violation of 15 U.S.C. § 1692**

16.     In or around February 2024, Plaintiff obtained a copy of his credit reports and discovered that Defendant Wakefield had wrongfully reported an account with an erroneous "collections" status, and with an erroneous balance of $13,650 (the "Collections Account").

17.     The original creditor for the Collections Account was Air Evac EMS Inc ("Air Evac").

18.     At a date preceding June 25, 2021, Plaintiff received an explanation of benefits ("EOB") from his health insurance provider Cigna Health and Life Insurance Company ("Cigna").

19.     The EOB from Cigna stated that Plaintiff filed a claim from a service rendered by Air Evac on June 25, 2021.

20.     The EOB further stated that Plaintiff owes an amount of $0.00 for the claim.

21.     At some point better known to Defendant Wakefield, Wakefield unlawfully purchased and obtained ownership of the alleged debt incurred to Air Evac by Plaintiff.

22.     On August 1, 2023, Defendant Wakefield began furnishing the alleged Debt on Plaintiff's Experian and Transunion consumer reports as an account with a "collection" status and a balance of $13,650.

23.     On or around August 3, 2023, Defendant Wakefield sent a debt collection letter to Plaintiff, and a separate letter to Plaintiff's ex-wife.

24.     Plaintiff is the sole subscriber of Cigna health insurance, and the patient of the services rendered by Air Evac was a dependent of Plaintiff.

25.     Plaintiff's ex-wife was not listed in the claim, nor the EOB sent by Cigna.

26.     On or around August 11, 2023, Plaintiff sent a letter via certified mail to Defendant Wakefield requesting they refrain from sending any future communications to him and his ex-wife to his mailing address.

27.     On or around August 11, 2023, Plaintiff sent a letter via certified mail to Defendant Wakefield requesting a validation of the debt.

28.     To this day, Defendant Wakefield has not validated the debt with Plaintiff.

29.     Defendant Wakefield continues to attempt the collection of a debt that has already been paid and closed, and they contacted a third-party about this debt without Plaintiff's authorization

or consent.

30.     Due to Defendant Wakefield's actions, Plaintiff has suffered actual damages including but not limited to injury to his creditworthiness and reputation, credit denials, anxiety, lack of sleep, invasion of his privacy, and added stress to his daily routine.

31.     For these reasons, Defendant Wakefield has violated the FDCPA, entitling Plaintiff to statutory damages, actual damages, reasonable attorneys' fees, and any other costs the Court finds just and proper.

### Defendant Wakefield violation of 15 U.S.C. § 1681s-2(b)

32.     In or around February 2024, Plaintiff obtained copies of his Experian and Transunion credit reports and discovered that Defendant Wakefield had wrongfully reported an account with an erroneous "collections" status, and with an erroneous balance of $13,650 (the "Collections Account").

33.     In February 2024, Plaintiff disputed the Account with Defendants Experian and Transunion, detailing the erroneous status and inaccuracies of the Account and attaching supporting documents which included a copy of his Explanation of Benefits from Cigna stating he owes $0.00 for the claim with the original creditor, Air Evac.

34.     It is averred that Defendants Experian and Transunion forwarded the disputes and an automated Consumer Dispute Verification form ("ACDV") to Defendant Wakefield.

35.     Despite Defendant Wakefield receiving the disputes, ACDVs, and accompanying documents, Wakefield conducted a superficial investigation and reported back to Experian and Transunion that the information concerning the Account was "Accurate" and should remain unchanged on Plaintiff's consumer reports.

36.     Defendant Wakefield negligently or willfully failed to conduct a reasonable investigation

of Plaintiff's disputes when it conducted a superficial investigation and did not review or evaluate the documents attached with the Plaintiff's disputes.

37.     Defendant Wakefield did not correct or delete the inaccurate or erroneous information relating to the Account but continued to report false and erroneous information to Experian and Transunion.

38.     As a result of the inaccurate information remaining on the Plaintiff's consumer reports relating to the Account, the Plaintiff was denied credit opportunities, and will continue to be harmed and injured by Defendant Wakefield's erroneous and inaccurate reporting for up to 7 years.

39.     Due to Defendant Wakefield's negligent or willful failure to conduct a reasonable investigation, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

40.     For these reasons, Defendant Wakefield willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681s2-b.

## Defendant Experian violation of 15 U.S.C. § 1681i

41.     Sometime prior to February 2024, Defendant Wakefield furnished erroneous information to Defendant Experian indicating that Plaintiff owed an alleged Debt to Defendant Wakefield of $13,650 despite Plaintiff's health insurance having already paid and settled the alleged Debt to the original creditor Air Evac.

42.     Sometime prior to February 2024, Defendant Experian published the information furnished by Defendant Wakefield in an account on Plaintiff's Experian consumer report with a "collection" status and a balance of $13,650 (the "Account").

43.     This false reporting severely affected Plaintiff's creditworthiness and reputation by

depressing his credit scores and credit ratings.

44.     In February 2024, Plaintiff disputed the Account with Defendant Experian, detailing the erroneous status and inaccuracies of the Account and attaching supporting documents which included a copy of his Explanation of Benefits from Cigna stating he owes $0.00 for the claim with the same original creditor.

45.     Defendant Experian acknowledged the receipt of Plaintiff's dispute but did not contact Defendant Wakefield, Cigna, or Air Evac, or review the supplied documentation provided by Plaintiff.

46.     Instead, Defendant Experian relied solely on an automated system that confirmed the existence of the Account without checking the validity of Plaintiff's dispute.

47.     Defendant Experian did nothing more than parrot information from Wakefield.

48.     On March 14, 2024, Defendant Experian sent Plaintiff a cursory response stating that the Account was verified and would remain on Plaintiff's consumer report.

49.     Defendant Experian did not provide a summary of the investigation or any substantiating documentation.

50.     The false and erroneous reporting of the Account on Plaintiff's Experian report is objectively likely to mislead intended users of the report.

51.     Plaintiff was subsequently denied credit opportunities by creditors citing poor credit and accounts with "collection" status as the reason for the denial.

52.     To this date, Defendant Experian continues to publish false and erroneous information relating to the Account on Plaintiff's Experian consumer reports.

53.     Defendant Experian failed to promptly delete or correct the inaccurate information relating to the Account.

54.     The false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

55.     Due to Defendant Experian's negligent or willful failure to conduct a reasonable reinvestigation, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, and added stress to his daily routine.

56.     Defendant Experian willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**Defendant Experian's violation of 15 U.S.C. § 1681e(b)**

57.     Defendant Experian did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Experian published a consumer report relating to Plaintiff which contained erroneous information pertaining to the Account.

58.     Defendant Experian did not delete or correct the false or erroneous information on Plaintiff's consumer report after receiving disputes from the Plaintiff relating to his consumer report and Account.

59.     Defenant Experian failed to take adequate steps to verify information before Experian included it in the Plaintiff's consumer report and later published the report to users.

60.     The false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

61.     Due to Defendant Experian's negligent or willful failure to establish or follow reasonable procedures to ensure maximum possible accuracy, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, and

added stress to his daily routine.

62.     Defendant willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

**Defendant Transunion's violation of 15 U.S.C. § 1681i**

63.     Sometime prior to February 2024, Defendant Wakefield furnished erroneous information to Defendant Transunion indicating that Plaintiff owed an alleged Debt to Defendant Wakefield of $13,650 despite Plaintiff's health insurance having already paid and settled the alleged Debt to the original creditor Air Evac.

64.     Sometime prior to February 2024, Defendant Transunion published the information furnished by Defendant Wakefield in an account on Plaintiff's Transunion consumer report with a "collection" status and a balance of $13,650 (the "Account").

65.     This false reporting severely affected Plaintiff's creditworthiness and reputation by significantly depressing the Plaintiff's credit scores and credit ratings.

66.     In February 2024, Plaintiff disputed the Account with Defendant Transunion, detailing the erroneous status and inaccuracies of the Account and attaching supporting documents which included a copy of his Explanation of Benefits from Cigna stating he owes $0.00 for the claim with the same original creditor.

67.     Defendant Transunion acknowledged the receipt of Plaintiff's dispute but did not contact Defendant Wakefield, Cigna, or Air Evac, or review the supplied documentation provided by Plaintiff.

68.     Instead, Defendant Transunion relied solely on an automated system that confirmed the existence of the Account without checking the validity of Plaintiff's dispute.

69.     Defendant Transunion did nothing more than parrot information from Wakefield.

70.     On March 21, 2024, Defendant Transunion sent Plaintiff a cursory response stating that the Account was verified and would remain on Plaintiff's consumer report.

71.     Defendant Transunion did not provide a summary of the investigation or any substantiating documentation.

72.     The false and erroneous reporting of the Account on Plaintiff's Transunion report is objectively likely to mislead intended users of the report.

73.     Plaintiff was subsequently denied credit opportunities by creditors citing poor credit and accounts with "collection" status as reason for the denial.

74.     To this date, Defendant Transunion continues to publish false and erroneous information relating to the Account on Plaintiff's Transunion consumer reports.

75.     Defendant Transunion failed to promptly delete or correct the inaccurate information relating to the Account.

76.     The false and erroneous reporting by Defendant Transunion will continue to cause harm and injury to Plaintiff for up to 7 years.

77.     Due to Defendant Transunion's negligent or willful failure to conduct a reasonable reinvestigation, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, and added stress to his daily routine.

78.     Defendant Transunion willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**Defendant Transunion's violation of 15 U.S.C. § 1681e(b)**

79.     Defendant Transunion did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Transunion published a

consumer report relating to Plaintiff which contained erroneous information pertaining to the Account.

80.     Defendant Transunion did not delete or correct the false or erroneous information on Plaintiff's consumer report after receiving disputes from the Plaintiff relating to his consumer report and Account.

81.     Defenant Transunion failed to take adequate steps to verify information before Transunion included it in the Plaintiff's consumer report and later published the report to users.

82.     The false and erroneous reporting by Defendant Transunion will continue to cause harm and injury to Plaintiff for up to 7 years.

83.     Due to Defendant Transunion's negligent or willful failure to establish or follow reasonable procedures to ensure maximum possible accuracy, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, and added stress to his daily routine.

84.     Defendant willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

## FIRST CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Negligent violation of 15 USC § 1681i(a) as to Defendant Experian

85.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

86.     Experian negligently violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

87.     Experian has negligently failed to comply with the FCRA. The failure of Experian to

comply with the FCRA includes but is not limited to the following:

    a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.   The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c.   The failure to remove and/or correct the inaccuracy and derogatory information which Experian had notice was inaccurate;

    d.   The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

    e.   The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.   The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

88.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, loss of earnest money, and the mental and emotional pain, anguish, and embarrassment of credit denial.

89.    The conduct, action and inaction of Experian was negligent, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(o).

90.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

91.    **WHEREFORE**, Plaintiff, an individual, demands judgement in his favor against

Experian, for damages together with attorneys' fees and costs pursuant to 15 U.S.C. § 1681(o).

## SECOND CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Willful violation of 15 USC § 1681i(a) as to Defendant Experian

92.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

93.     Experian willfully violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

94.     Experian has willfully failed to comply with the FCRA. The failures of Experian to comply with the FCRA include but are not limited to the following:

  a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

  b.   The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

  c.   The failure to remove and/or correct the inaccuracy and derogatory information which Experian had notice was inaccurate;

  d.   The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

  e.   The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

  f.   The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

95.     As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by

loss of credit, loss of ability to purchase and benefit from credit, loss of earnest money, and the mental and emotional pain, anguish, and embarrassment of credit denial.

96.     The conduct, action and inaction of Experian was willful, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to U.S.C. § 1681(n).

97.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

98.     **WHEREFORE**, Plaintiff, an individual, demands judgement in his favor against Experian, for damages together with attorneys' fees and costs pursuant to 15 U.S.C. § 1681(n).

**THIRD CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 USC § 1681e(b) as to Defendant Experian**

99.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

100.     Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Experian maintained concerning Plaintiff.

101.     Defendant Experian has negligently failed to comply with the FCRA. The failures of Experian to  comply with the FCRA include but are not necessarily limited to the following:

    a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.   The failure to correct erroneous personal information regarding the Plaintiff after  a reasonable request by Plaintiff;

    c.   The failure to remove and/or correct the inaccuracy and derogatory credit  information after a reasonable request by Plaintiff;

d. The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

e. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h. The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

102. As a result of the conduct, action and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

103. The conduct, action and inaction of Defendant Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

104. Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

**<u>FOURTH CAUSE OF ACTION</u>**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 USC § 1681e(b) as to Defendant Experian**

105. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

106.    Defendant Experian violated  15  U.S.C.  §  1681e(b)  by  failing  to  establish  or  follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit  files that Defendant Experian maintained concerning Plaintiff.

107.    Defendant Experian has negligently failed to comply with the FCRA. The failures of Experian to  comply with the FCRA include but are not necessarily limited to the following:

   a.   The failure to follow reasonable procedures to assure the maximum
       possible accuracy of the information reported;

   b.   The  failure  to  correct  erroneous  personal  information  regarding  the
       Plaintiff  after  a reasonable request by Plaintiff;

   c.   The  failure  to  remove  and/or  correct  the  inaccuracy  and  derogatory
       credit  information after a reasonable request by Plaintiff;

   d.   The  failure  to  promptly  and  adequately  investigate  information  which
       Experian  had notice was inaccurate;

   e.   The continual placement of inaccurate information into the credit report of
       the Plaintiff  after being advised by Plaintiff that the information was
       inaccurate;

   f.   The  failure  to  note  in  the  credit  report  that  Plaintiff  disputed  the
       accuracy  of  the information;

   g.   The failure to promptly delete information that was found to be inaccurate,
       or could not be verified, or that the source of information had advised
       Experian to delete;

   h.   The failure to take adequate steps to verify information Experian had
       reason to believe was inaccurate before including it in the credit report of

the consumer.

108.    As a result of the conduct, action and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

109.    The conduct, action and inaction of Defendant Experian was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

110.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

### FIFTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 USC § 1681i(a) as to Defendant Transunion**

111.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

112.    Transunion negligently violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

113.    Transunion has negligently failed to comply with the FCRA. The failure of Transunion to comply with the FCRA includes but is not limited to the following:

g.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

h.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

i.  The failure to remove and/or correct the inaccuracy and derogatory information which Transunion had notice was inaccurate;

j.  The failure to promptly and adequately investigate information which

Transunion had notice was inaccurate;

k.   The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

l.   The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

114.   As a result of the conduct, action and inaction of Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, loss of earnest money, and the mental and emotional pain, anguish, and embarrassment of credit denial.

115.   The conduct, action and inaction of Transunion was negligent, rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(o).

116.   Plaintiff is entitled to recover reasonable costs and attorneys' fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

117.   **WHEREFORE**, Plaintiff, an individual, demands judgement in his favor against Transunion, for damages together with attorneys' fees and costs pursuant to 15 U.S.C. § 1681(o).

**SIXTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 USC § 1681i(a) as to Defendant Transunion**

118.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

119.   Transunion willfully violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

120.   Transunion has willfully failed to comply with the FCRA. The failures of Transunion to

comply with the FCRA include but are not limited to the following:

g.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

h.   The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

i.   The failure to remove and/or correct the inaccuracy and derogatory information which Transunion had notice was inaccurate;

j.   The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

k.   The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

l.   The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

121.   As a result of the conduct, action and inaction of Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, loss of earnest money, and the mental and emotional pain, anguish, and embarrassment of credit denial.

122.   The conduct, action and inaction of Transunion was willful, rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to U.S.C. § 1681(n).

123.   Plaintiff is entitled to recover reasonable costs and attorneys' fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

124.   **WHEREFORE**, Plaintiff, an individual, demands judgement in her favor against

Transunion, for damages together with attorneys' fees and costs pursuant to 15 U.S.C. § 1681(n).

## SEVENTH CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Negligent violation of 15 USC § 1681e(b) as to Defendant Transunion

125.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

126.    Defendant Transunion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Transunion maintained concerning Plaintiff.

127.    Defendant Transunion has negligently failed to comply with the FCRA. The failure of Transunion to comply with the FCRA include but are not necessarily limited to the following:

    i.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    j.   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    k.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    l.   The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

    m.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    n.   The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

    o.   The failure to promptly delete information that was found to be inaccurate,

or could not be verified, or that the source of information had advised

Transunion to delete;

p.  The failure to take adequate steps to verify information Transunion had

reason to believe was inaccurate before including it in the credit report of

the consumer.

128.    As a result of the conduct, action and inaction of Defendant Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

129.    The conduct, action and inaction of Defendant Transunion was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

130.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## EIGHTH CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Willful violation of 15 USC § 1681e(b) as to Defendant Transunion

131.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

132.    Defendant Transunion violated 15 U.S.C. § 1681e(b) by failing to establish or follow  reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit  files that Defendant Transunion maintained concerning Plaintiff.

133.    Defendant Transunion has negligently failed to comply with the FCRA. The failure of Transunion to  comply with the FCRA include but are not necessarily limited to the following:

i.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

j.   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

k.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

l.   The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

m.   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

n.   The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

o.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

p.   The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

134.   As a result of the conduct, action and inaction of Defendant Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

135.   The conduct, action and inaction of Defendant Transunion was willful, entitling Plaintiff

to damages under 15 U.S.C. § 1681(n).

136.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

**NINTH CAUSE OF ACTION**
**Negligent Violation of the Fair Credit Reporting Act as to Defendant Wakefield**
**15 U.S.C. § 1681s-2(b)**

137.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

138.     Pursuant to the FCRA, all persons who furnished information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when a consumer disputes the accuracy and completeness of information contained in a consumer report.

139.     Pursuant to the FCRA, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives a notice of dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

140.     The results of the investigation by the person must be reported to consumer reporting agencies and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

141.     Defendant Wakefield negligently violated 15 U.S.C. § 1681s2-b by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's disputes reported to Defendants Experian and Transunion; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

142.     Specifically, Defendant Wakefield continued to report Plaintiff's alleged debt that had already been paid and settled with the original creditor as an account on Plaintiff's Experian and Transunion consumer reports with a "collection" status and $13,650 balance.

143.   As a result of the conduct, action, and inaction of Defendant Wakefield, Plaintiff suffered damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

144.   The conduct, action, and inaction of Defendant Wakefield was negligent, rendering Wakefield liable for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(o).

145.   Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Wakefield in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

## TENTH CAUSE OF ACTION
**Willful Violation of the Fair Credit Reporting Act as to Defendant Wakefield**
**15 U.S.C. § 1681s-2(b)**

146.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

147.   Pursuant to the FCRA, all persons who furnished information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when a consumer disputes the accuracy and completeness of information contained in a consumer report.

148.   Pursuant to the FCRA, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives a notice of dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

149.   The results of the investigation by the person must be reported to consumer reporting agencies and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

150.   Defendant Wakefield willfully violated 15 U.S.C. § 1681s2-b by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate

Plaintiff's disputes reported to Defendants Experian and Transunion; and by failing to report correct results of an accurate investigation to the credit reporting agencies.

151.     Specifically, Defendant Wakefield continued to report Plaintiff's alleged debt that had already been paid and settled with the original creditor as an account on Plaintiff's Experian and Transunion consumer reports with a "collection" status and $13,650 balance.

152.     As a result of the conduct, action, and inaction of Defendant Wakefield, Plaintiff suffered damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

153.     The conduct, action, and inaction of Defendant Wakefield was willful, rendering Wakefield liable for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(n).

154.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Wakefield in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

### ELEVENTH CAUSE OF ACTION
### Violation of the Fair Debt Collections Practices Act as to Defendant Wakefield
### 15 U.S.C. § 1692e(2)

155.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

156.     Defendant Wakefield's debt collection efforts violated 15 U.S.C. § 1692e(2) by representing Plaintiff's alleged debt in a false manner, particularly:

        a.  The false representation of the character, amount, or legal

           status of the alleged debt;

157.     As a result of the conduct and action of Defendant Wakefield, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

158.    For these reasons, Defendant Wakefield has violated the FDCPA and is liable to Plaintiff

for actual damages, statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C.

§ 1692k(a).

## TWELFTH CAUSE OF ACTION
### Violation of the Fair Debt Collections Practices Act as to Defendant Wakefield
### 15 U.S.C. § 1692c(b)

159.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though

fully stated herein with the same force and effect as if the same were set forth at length herein.

160.    Defendant Wakefield's debt collection efforts violated 15 U.S.C. § 1692c(b) in that its

conduct and action were unlawful, particularly:

161.    As a result of the conduct and action of Defendant Wakefield, Plaintiff suffered damage

by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the

mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

162.    For these reasons, Defendant Wakefield has violated the FDCPA and is liable to Plaintiff

for actual damages, statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C.

§ 1692k(a).

## THIRTEENTH CAUSE OF ACTION
### Violation of the Fair Debt Collections Practices Act as to Defendant Wakefield
### 15 U.S.C. § 1692e(8)

163.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though

fully stated herein with the same force and effect as if the same were set forth at length herein.

164.    Defendant Wakefield's debt collection efforts violated the FDCPA by representing

Plaintiff's alleged debt in an unfair or unconscionable manner, particularly 15 U.S.C. § 1692e(8):

a.  Communicating or threatening to communicate to any person credit

information which is known or which should be known to be false,

including the failure to communicate that a disputed debt is disputed.

165.    As a result of the conduct and action of Defendant Wakefield, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

166.    For these reasons, Defendant Wakefield has violated the FDCPA and is liable to Plaintiff for actual damages, statutory damages, costs, and reasonable attorney's fees.

### DEMAND FOR TRIAL BY JURY

167.    Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgement as follows:

1. Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o(a) from Defendant Experian, Defendant Transunion and Defendant Wakefield;

2. Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) from Defendant Experian, Defendant Transunion and Defendant Wakefield;

3. Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) from Defendant Experian, Defendant Transunion, and Defendant Wakefield;

4. Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C.§ 1681o(a)(2) as to Defendant Experian, Defendant Transunion, and Defendant Wakefield;

5. Awarding Plaintiff statutory damages up to $1,000 provided and pursuant to 15 U.S.C. § 1692k(2)(a) as to Defendant Wakefield;

6. Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1692k(1) as to Defendant Wakefield;

7. Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 1692k(3) as to

Defendant Wakefield; and

8. Awarding Plaintiff such other and further relief as this Court may deem just and proper.


**Dated:** May 13, 2024                                    Respectfully submitted


                                                          JAFFER & ASSOCIATES PLLC

                                                          /s/ *Stephen Jones*
                                                          **Stephen Jones**
                                                          State Bar No. 24094760
                                                          **Shawn Jaffer**
                                                          State Bar No. 24107817
                                                          5757 Alpha Rd., Ste. 580
                                                          Dallas, Texas 75240
                                                          Tel:     (214) 945-0000
                                                          Fax:    (469) 669-0786
                                                          Email: stephen@jaffer.law
                                                          ***Attorneys for Plaintiff***