IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES RAY, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> EXPERIAN INFORMATION SOLUTIONS, § <br> INC., TRANS UNION LLC, and § <br> WAKEFIELD & ASSOCIATES, LLC, § <br> § <br> Defendants. § | Case No. 3:24-cv-01129-X |

**DEFENDANTS TRANS UNION LLC AND EXPERIAN INFORMATION SOLUTIONS, INC.'S JOINT MOTION TO STAY ACTION PENDING RULING ON THEIR JOINT MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants Trans Union LLC ("Trans Union") and Experian Information Solutions, Inc. ("Experian") (collectively "Defendants"), through undersigned counsel, hereby file their Joint Motion to Stay Action Pending Ruling on Defendants' Joint Motion for Judgment on the Pleadings (the "Motion"), and would respectfully show the Court as follows:

## I.   INTRODUCTION

Plaintiff James Ray ("Plaintiff") sued Trans Union and Experian for alleged violations of 15 U.S.C §§ 1681e(b) and 1681i under the Fair Credit Reporting Act ("FCRA"). ECF. No. 8. On October 25, 2024, Defendants filed their Joint Motion for Judgment on the Pleadings, Brief in Support and Appendix in Support. ECF Nos. 31-33.

## II.   LEGAL STANDARD

It is well-settled that courts have the authority to stay proceedings to manage their docket based on the particular facts of a case. *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 355 F. Supp. 2d 848, 852–53 (N.D. Tex. 2005). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its dockets with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Courts across the Fifth Circuit have frequently issued stays in cases where

1

dispositive motions are pending. *See, e.g.*, *Conquest v. Camber Corp.*, No. 5:13-cv-1108-DAE, 2014 WL 172500, at *2 (W.D. Tex. Jan. 13, 2014); *Von Drake v. Nat'l Broad. Co., Inc.*, No. 3-04-CV0652-R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (staying discovery "may be appropriate where the disposition of a motion to dismiss 'might preclude the need for discovery altogether thus saving time and expense'") (quoting *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990)).

### III.   ARGUMENT AND AUTHORITIES

**A.   Defendants Motion for Judgment on the Pleadings will dispose of all of Plaintiff's claims against Trans Union and Experian.**

The Fifth Circuit has specifically noted that "a trial court may properly exercise its discretion to stay discovery pending a decision on a dispositive motion." *Carder v. Cont'l Airlines, Inc.*, 595 F. Appx 293, 300 (5th Cir. 2014) (citing *Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir. 1988)). As discussed more thoroughly in Defendants' Joint Brief in Support of their Motion for Judgment on the Pleadings, Plaintiff has failed to plead any actionable claim against Defendants. *See generally* ECF No. 32. Consequently, because there is a strong likelihood the pending motion will dispose of all of Plaintiff's claims against Trans Union and Experian, the Court should stay the case.

Plaintiff's claims against Trans Union and Experian are without merit because he has failed to allege an inaccuracy—which is an essential element to his FCRA claims. *See Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000) (explaining that "[i]n order to pursue a cause of action based upon willful or negligent violation of 15 U.S.C. § 1681e(b), the report sought to be attacked must be inaccurate."). As fully set forth in Defendants' Joint Motion for Judgment on the Pleadings, Plaintiff's claims fail as a matter of law because: (1) Plaintiff presents a legal dispute that Trans Union and Experian are not required to resolve under the FCRA; and (2) Trans Union and Experian's reporting is accurate because Plaintiff only presents a legal issue.

7558016.1

Specifically, Plaintiff alleges that Trans Union and Experian's reporting of the disputed Wakefield account are "erroneous" because "Plaintiff's health insurance [had] already paid and settled the alleged Debt to the original creditor Air Evac." ECF No. 8 at ¶¶ 41, 63. Plaintiff acknowledges in his own Complaint that Cigna did file "a claim from a service rendered by Air Evac" for which the patient was "a dependent of Plaintiff." Id. at ¶¶ 18, 24. Although it appears that Plaintiff is alleging an inaccuracy based on Cigna's payment of the medical bill, Plaintiff's actual dispute concerns what Cigna should have paid. In other words, Plaintiff is disputing the terms of his agreement with Cigna, which is a legal dispute. As such, Plaintiff's claims amount to an impermissible collateral attack on the Wakefield Account, which CRAs—like Trans Union and Experian—are simply neither equipped nor required to resolve under the FCRA. *See Bray v. Transunion, LLC*, No. 2:23-CV-197-Z-BR, 2024 WL 4150454, at *5 (N.D. Tex. Sept. 11, 2024) ("In conclusion, CRA Defendants were not required to reinvestigate [p]laintiff's dispute under Section 1681i because it involves legal questions that are not cognizable under the FCRA.").

The deficiencies in Plaintiff's Complaint are incurable such that any potential amendments would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiff's at least one opportunity to cure pleading deficiencies before dismissing a case, <u>unless</u> . . . the defects are incurable or the plaintiffs . . . are unwilling or unable to amend in a manner that will avoid dismissal."). Accordingly, this Court should grant Trans Union's Motion.

**B.     NO ADDITIONAL DISCOVERY IS NEEDED**

The Court should stay this case pending resolution of Defendants' Joint Motion for Judgment on the Pleadings because Defendants' dispositive motion does not necessitate additional discovery, and the parties should not be required to expend further time, energy, and resources

propounding and responding to additional discovery requests and conducting depositions regarding claims that are unlikely to survive dismissal.

## IV. CONCLUSION

Therefore, Defendants respectfully request the Court stay this case, in its entirety, pending ruling on their Motion for Judgment on the Pleadings.

Respectfully submitted,

*/s/ Omar Azam*

**OMAR AZAM**
Texas Bar No. 24123394
oazam@qslwm.com
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
(214) 560-5440
(214) 871-2111 Fax
*Counsel for Trans Union LLC*

By: */s/ Trevor J. Deason*
**Trevor J. Deason**, TX Bar No. 24096366
tdeason@jonesday.com
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: 832.239.3712
Facsimile: 832-239-3600

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

## **CERTIFICATE OF CONFERENCE**

Pursuant to LR 7.1(a), the undersigned attorney hereby certifies that on October 30, 2024, he conferred with Plaintiff's counsel, via e-mail, regarding the relief requested in this Motion. Plaintiff's counsel is opposed to the relief sought herein.

                               */s/ Omar Azam*
                               **OMAR AZAM**

7558016.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th of October 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Shawn Jaffer
ecf@jaffer.law
Stephen Thomas Jones
stephen@jaffer.law
Jaffer & Associates PLLC
5301 Alpha Road, Suite 80-5
Dallas, TX 75240
(214) 945-0000
(888) 509-3910 Fax
***Counsel for Plaintiff***

Trevor Deason
tdeason@jonesday.com
Jones Day
717 Texas Street, Suite 3300
Houston, TX 77002
(512) 574-4031
***Counsel for Experian Information Solutions, Inc.***

Eugene Xerxes Martin, IV
xmartin@mgl.law
Martin Golden Lyons Watts Morgan PLLC
8750 N Central Expressway, Suite 1850
Dallas, TX 75231
(214) 346-2630
(214) 346-2631 Fax
***Counsel for Wakefield and Associates, Inc.***

Charlotte A. Long
charlotte.long@transunion.com
Trans Union LLC
554 Baroque Way
Irving, TX 75060
(469) 578-1464
***Counsel for Trans Union LLC***

*/s/ Omar Azam*
**OMAR AZAM**

7

7558016.1