UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES RAY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-01129-X |
| | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS INC., et al., | § | |
| | § | |
| *Defendants.* | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Experian Information Solutions, Inc. (Experian) and Trans Union LLC's (Trans Union) joint motion for judgment on the pleadings. (Doc. 31). After reviewing the briefing and the relevant caselaw, the Court **GRANTS** Experian and Trans Union's joint motion for judgment on the pleadings and **DISMISSES** Ray's claims against Experian and Trans Union.

### A.    Factual Background

This is a consumer credit dispute. Air Evac EMS Inc. provided emergency transport services to a dependent of Ray, and a claim was filed on Ray's health insurance. Ray alleges that his health insurance provider sent him an Explanation of Benefits reflecting he owed "$0.00" for the claim to Air Evac.[1] In February 2024, Ray obtained a copy of his credit reports and discovered the Air Evac account with a balance of $13,650 in a "collection" status.[2]    Ray contends that Defendant

---

[1] Doc. 8 at 4.

[2] Doc. 8 at 4.

1

Wakefield & Associates Inc. "unlawfully purchased and obtained ownership of the alleged debt incurred to Air Evac by Ray,"[3] and that Wakefield furnished information about the alleged debt to Experian and Trans Union, which Experian and Trans Union then published in Ray's consumer credit report. Ray disputed the Account with Experian and Trans Union and alleges Experian and Trans Union sent Ray's disputes to Wakefield. Wakefield investigated and reported back the status of the debt as "Accurate."[4]

Experian and Trans Union jointly moved for judgment on the pleadings, asking the Court to dismiss the claims against them.

## B.    Legal Standard

Federal Rule of Civil Procedure 8 requires a pleading to state "a short and plain statement of the claim showing that the pleader is entitled to relief."[5] Rule 8 does not require detailed factual allegations, but it requires more than formulaic recitations of a cause of action's elements.[6] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[7] "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."[8] "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state

---

[3] Doc. 8 at 4.

[4] Doc. 8 at 5.

[5] Fed. R. Civ. P. 8(a)(2).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Id.*

[8] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

a claim to relief that is plausible on its face."[9]  A claim is facially plausible when the complaint contains enough facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[10]

## C.    Analysis

Ray brings two Fair Credit Reporting Act claims against Experian and Trans Union: (1) negligent and willful violation of 15 U.S.C. § 1681i(a) for failure to conduct a reasonable reinvestigation of his dispute; and (2) negligent and willful violation of 15 U.S.C. § 1681e(b) for failure to follow reasonable procedures in reporting information.  Experian and Trans Union argue (1) that Ray cannot demonstrate that the reported information was inaccurate and (2) that Ray's inaccuracy allegations are actually impermissible collateral attacks against Wakefield.

"To establish a claim under Section 1681e(b) and Section 1681i of the FCRA, a plaintiff must show that the credit report at issue is inaccurate."[11]  "[I]naccuracy is a threshold requirement for § 1681i claims."[12]  The Fifth Circuit has held that "[g]enerally, an item of information is 'inaccurate' within the meaning of the FCRA 'either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'"[13] Further, the Fifth Circuit has recently joined other circuits in holding "that consumer

---

[9] *Iqbal*, 556 U.S. at 678 (cleaned up).

[10] *Id*.; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[11] *Reyes v. Equifax Info. Servs., LLC*, No. 4:21-CV-639-SDJ, 2024 WL 1308000 (E.D. Tex. Mar. 27, 2024), *aff'd sub nom*. *Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279 (5th Cir. 2025).

[12] *Reyes*, 140 F.4th at 286–287 (quoting 5 U.S.C. § 1681i(a)(1)(A)) (cleaned up).

[13] *Id*. at 285 (quoting *Sepulvado v. CSC Credit Services, Inc.*, 158 F.3d 890, 895 (5th Cir. 1998)).

reporting agencies are not required to investigate the legal validity of disputed debts."[14]  "A consumer may not use § 1681i's reinvestigation procedures to collaterally attack the validity of a reported debt" because "credit reporting agencies are neither qualified nor obligated to resolve legal disputes."[15]  A debt was not inaccurate for purposes of a section 1681i claim where a consumer's alleged inaccuracy was "based on a not-yet-adjudicated position that the debt is not legally valid."[16]

Here, the parties do not dispute that (1) the Air Evac Account belonged to Ray, (2) the balance was incurred, (3) the outstanding balance went to collections, and (4) Wakefield reported the information to Experian and Trans Union.  Ray disputes that he owes the balance on the account because his insurance provider satisfied the account, but the amended complaint does not explain how the reported information was factually incorrect or misleading.  Further, Experian and Trans Union, as consumer reporting agencies, are "neither qualified nor obligated to resolve legal issues" such as a debt's validity.  Under Fifth Circuit precedent, Ray fails to plead claims against Equifax and Trans Union.  Ray cannot demonstrate that his claims amount to more than collateral attacks against Wakefield, nor that the reported information was inaccurate.  Therefore, amendment would be futile.

### D.    Conclusion

The Court **GRANTS** the motion for judgment on the pleadings and **DISMISSES** Ray's claims against Experian and Trans Union.

---

[14] *Id.* at 289.

[15] *Id.* at 287 (cleaned up).

[16] *Id.* (cleaned up).

**IT IS SO ORDERED** this 17th day of July, 2025.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE